

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00027-CR

CHANCE WADE WALKER                                                      APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Chance Wade Walker of third-degree felony driving while intoxicated. *See* Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)(2) (West Supp. 2013). The jury assessed his punishment at four years' imprisonment and a fine of $12.00, and the trial court sentenced him accordingly.

---

[1]*See* Tex. R. App. P. 47.4.

Walker's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. This court afforded Walker the opportunity to file a brief on his own behalf, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, J.; LIVINGSTON, C.J.; DAUPHINOT, J.

---

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

2

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 9, 2014